343 So.2d 1166 (1977)
LOUISIANA INTRASTATE GAS CORPORATION, Plaintiff-Appellant,
v.
Roger C. EDWARDS et al., Defendants-Appellees.
No. 5835.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Rehearing Denied April 5, 1977.
Writ Refused May 26, 1977.
*1167 Broussard, Broussard & Moresi by Marcus A. Broussard, Jr., Abbeville, Ellison, Gary & Field by David M. Ellison, Jr., Baton Rouge, for plaintiff-appellant.
Roger C. Edwards and Roger E. Boynton, Abbeville, for defendants-appellees.
Before WATSON, GUIDRY and FORET, JJ.
FORET, Judge.
Plaintiff, Louisiana Intrastate Gas Corporation, filed suit against defendants, Roger C. Edwards, et al., seeking to expropriate a pipeline right-of-way, and a valve station site on several tracts of land belonging to the defendants in Vermilion Parish. Plaintiff also filed suit against Randall Watkins Green, et als. in connection with the same pipeline right-of-way involving property in the same locale. The matters were consolidated for trial purposes, and we are considering them as consolidated for appellate purposes.
Prior to trial, plaintiff and defendants stipulated that plaintiff was entitled to the servitude and valve station site which it sought, and a judgment was accordingly prepared and signed resolving that issue. Trial of the matter was limited to the issues of the value of the land taken for the pipeline, the amount of payment due to defendants for the land use for the temporary work period during which the line was being laid, and the value of the valve station site, along with other damages, etc.
The trial court handed down written reasons for judgment finding that the highest and best use of the properties involved was for a pipeline servitude, and awarded $5,000 per acre for the permanent rights-of-way and $1,000 per acre for the temporary right-of-way based upon that property's highest and best use as being rural farmland.
It also allowed the following damages:

(1) Trespass----------------------------$1,500
(2) Crop losses------------------------- 1,250
(3) Land leveling----------------------- 1,591
(4) Pasture damage---------------------- 450
(5) Loss of valve site acre------------- 3,000
(6) Pumping----------------------------- 1,050

As to these items of damages, there is no dispute by plaintiff-appellant except for Item No. 5, loss of the valve site acre. Plaintiff-appellant claims this award to be excessive.
Defendants have also appealed, contending that the trial court should have awarded $9,500 to $10,000 per acre for the pipeline servitude, and argue that additionally the trial court erred in placing a fixed amount for the taking of the valve station site on the basis of $5,000 per acre whereas defendants contend that the trial court should have fixed remuneration for the taking of the valve station site on a rental income basis which, of course, would have resulted in a much larger award for the property taken for the valve station. Plaintiff does not dispute that the defendants are entitled to severance damage to property surrounding the valve station site, but disagree on the valuation therefor awarded by the trial court.
The sole issues for this Court to decide are:
(1) the value of the land taken for the pipeline servitude
(2) value of the land used for the temporary work period, and compensation for such usage, and
(3) value of the valve station site and severance damage connected therewith (plaintiff has no objection to severance damage based on the value of $1,000 per acre).
All parties agree that if the highest and best use of the properly taken is for agricultural purposes, then the property has a value of approximately $1,000 per acre. A review of the record shows that the testimony *1168 of all four expert witnesses, two for plaintiff and two for defendant, is to the effect that the value of the property in question would average approximately $1,000 per acre for rural agricultural purposes. However defendants' experts, Stanley Tiger and Preston Babineaux, testified that the best and highest use of this property was for pipeline servitudes and therefore the value of this property ranges from $9,500 per acre to $10,000 per acre. Defendants' experts base their opinion on the fact that the properties involved in this expropriation are presently traversed by seven existing pipelines, and valve station sites are also presently located on the properties. They conclude therefore that there is a ready market for pipeline servitudes and those operations appurtenant thereto, and this fact removes the property involved from the realm of agriculture, and places the property in an entirely different classification. Plaintiff, of course, vigorously opposes this contention and the holding of the trial court which, in effect, adopted defendants' contention, but yet allowed only one-half of the value set on the property by defendants' expert witnesses.

COMPENSATION FOR PROPERTY TAKEN IN PERMANENT RIGHTS-OF-WAY
The trial court erred in its determination that the highest and best use of the property taken was for pipeline rights-of-way purposes. The jurisprudence of this State is to the contrary. This Court had the identical question presented to it in Michigan-Wisconsin Pipeline Co. v. Fruge, 227 So.2d 606 (La.App. 3 Cir., 1969), writ refused, 255 La. 149, 229 So.2d 732 (1970). Coincidentally Stanley Tiger was an expert witness for the defendant, as he was in this case. He based his valuation of the property taken on comparable sales of similar servitudes to expropriating authorities. In that case the defendants cited Gulf States Utilities Co. v. Norman, La.App. 3 Cir., 183 So.2d 421, writs denied, 249 La. 118, 185 So.2d 529, as authority for the use of such comparables. Michigan-Wisconsin distinguished the Gulf States Utilities case, and we do the same. Ample comparable sales were available in the case at bar to show the fair market value of the property taken to be $1,000 per acre.
Counsel for defendants makes an innovative and ingenious argument that the highest and best use of the property involved is for pipeline rights-of-way purposes. As we did in Michigan-Wisconsin Pipeline Co. v. Fruge, supra, we reject that argument as being contrary to the jurisprudence of this State. Because of the foregoing, we need not indulge in the citation and quotation of various inapplicable formulae mentioned in prior jurisprudence, all of which attempt to spell out what is and what is not "just compensation" for property taken in expropriation proceedings in particular fact situations.

COMPENSATION FOR TEMPORARY LAND USE
The trial court awarded to the defendants $1,000 per acre for the areas used by plaintiff for temporary work space. Obviously, to affirm such an award would not be consistent with our finding that the fair market value of the property taken was $1,000 per acre. In Michigan-Wisconsin, we accepted the testimony of two expert witnesses that ten percent of the fee value of the property was a fair rental, and we find such a holding to be equitable in the case at bar. Therefore we will award the amount of $100 per acre to the defendants as rental for the temporary work space.

COMPENSATION FOR VALVE STATION SITE AND FOR SEVERANCE DAMAGE INCIDENTAL THERETO
Plaintiff expropriated .143 of an acre for the installation of a valve station. The trial court awarded the amount of $2,833.49 to the defendants for the taking of the site. In accordance with our findings herein, we reduce that award to $143.00 based on the fair market value of $1,000 per acre. The defendants argue that valuation of the valve station site should be treated differently from the pipeline servitude as *1169 they lost complete use of the property, and the property involved is withdrawn from the production of rice and other agricultural purposes for as long as the pipeline shall exist. Having determined that the fair market value of the property is $1,000 per acre, we are of the opinion that the defendants are entitled to an award based on such valuation, and no more, regardless of the use to which they put the property expropriated. Defendants are relegated to severance damages, only, in this connection.
With reference to severance damage arising out of the valve station site, plaintiff concedes that defendants are entitled to some severance damage but not on the basis of $5,000 per acre. The trial court awarded the amount of $3,000 as severance damage. No explanation was given in the reasons for judgment as to how the trial court arrived at the figure of $3,000. It is obvious that the valve station will cause inconvenience to the defendants in their farming operations. The valve station site cannot be plowed or otherwise used for agricultural purposes, and its presence will cause inconvenience to the defendants in its plowing operations on property adjacent thereto. To that extent the property surrounding the valve station site has a diminished value for agricultural purposes.
Plaintiff's appraiser Angers gives the severance damage as $2,294. (Tr. 581) Angers gave the land a value of $675 an acre and found severance damages of $550 an acre to 4.17 acres as the result of the valve station (Parcel 3-18). This is a diminution in value of 81%. Applying the 81% figure and giving the land a value of $1,000 an acre results in severance damages to the 4.17 acres of $3,377.70 or slightly more than the $3,000 awarded. This figure is not manifestly erroneous since it has a reasonable evidentiary basis.
In accordance with and supplemental to the above amendments, we further amend the judgment of the trial court as follows:

(a) Tract 315-A - Permanent Permanent Temporary
 W.P. Edwards
 1.233 acres at $1000 per acre $1,233.00
 Temporary
 1.872 acres at $100 per acre $187.20
(b) Tract 316 - Permanent
 2nd Island Trust
 0.500 acre at $1000 per acre 500.00
 Temporary
 0.65 acre at $100 per acre 65.00
(c) Tract 316-A - Permanent
 Ruth H. Edwards
 0.564 acre at $1000 per acre 564.00
 Temporary
 0.99 acre at $100 per acre 99.00
(d) Tract 316-B - Permanent
 Nancy Boynton, et al
 0.81 acre at $1000 per acre 810.00
 Temporary
 2.39 acres at $100 per acre 239.00
(e) Tracts 318 & 318-A - Permanent
 2.22 acres at $1000 per acre 2,220.00
 Temporary
 2.87 acres at $100 per acre 287.00

*1170
(f) Tract 320 - Permanent
 1.71 acres at $1000 per acre 1,710.00
 Temporary
 2.68 acres at $100 per acre 268.00
(g) Tract 321 - Permanent
 0.431 acre at $1000 per acre 431.00
 Temporary
 0.70 acre at $100 per acre 70.00

Defendants filed a supplemental and amending answer to plaintiff's appeal claiming additional damages in the amount of $165.00 for cleaning out a ditch on the north edge of defendants' property. This claim was apparently omitted from the trial court judgment by oversight. We further amend the trial court judgment to include this claim.
In all other respects the judgment of the trial court is affirmed.
All costs of this appeal are assessed one-half against the plaintiff and one-half, collectively, against the defendants on a consolidated basis.
AMENDED AND AFFIRMED.