LABORDE, Judge.
This is an appeal from an expropriation proceeding filed by Columbia Gulf Transmission Company against Paul M. Rosteet and his sister Eleanor Rosteet Hamilton.[1] The District Court awarded defendant Paul R. Rosteet $7,230.00 as compensation for the land expropriated, reasoning that the highest and best use of the property taken was for pipeline rights-of-way purposes. We amend and affirm. We hold that the best evidence of the property’s market value is the sale price of similar properties.
The salient facts are: Columbia sought a pipeline right-of-way over and across land belonging to appellee in Cameron Parish, Louisiana. Gulf Interstate, Columbia’s ancestor in title, had previously acquired a right-of-way grant from Paul M. Rosteet, father of appellee, and constructed a *779 twelve-inch (12") pipeline on the property. The right-of-way was dated October 19, 1953 and stipulated for a term of twenty-five years, expiring on October 19, 1978.
The parties could not agree on the renewal of the grant, and Columbia filed an expropriation proceeding on January 22, 1979 seeking a permanent right-of-way across those portions of the Rosteet property where its pipeline was buried. Columbia sought to perpetuate the right acquired under the original right of way granted by appellee’s father. Paul R. Rosteet did not timely file his answer, and under the provisions of LSA-R.S. 19:7 waived all defenses to this suit. The only issue for the trial court’s determination was the claim for money as compensation for the property expropriated.
The Rosteet property is located 25-30 miles from Cameron, Louisiana and 13 miles from Creole, Louisiana. It consists of two (2) tracts, one containing approximately 160 acres and the other containing approximately 600 acres. Columbia’s pipeline traversed the property with a permanent right-of-way twenty (20) feet in width, amounting to 1.83 acres of appellee’s property.
In his reasons for judgment the trial judge refused to consider the data compiled by Robert Doyle, one of defendant’s experts, who provided information on the sale of comparable residential lots. Similarly, he refused to consider the data about comparable sales of large tracts of land provided by John Harold Lambert, plaintiff’s expert. Instead, he adopted the prices paid for rights of way provided by John Vice, defendant’s expert, and held that:
“. . . the only real comparable which we should seek in this situation is sales of right of ways for similar uses, and I must add under similar situations. I say that for this reason. We do not have here a landowner with land in an untouched, pristine state. In fact, it has a pipeline on it already. In dealing at arm’s length with the pipeline company the land owner here offers not just a distance between two points which must be traversed, but he offers a piece of land which has on it a length of pipe installed and functional, which connects the rest of the pipeline, and this cannot be ignored in determining the value of the taking.”
We disagree with the reasoning of the trial judge. The jurisprudence of this state is to the contrary. We recently addressed this issue in Louisiana Intrastate Gas Corp. v. Edwards, 343 So.2d 1166 (La.App. 3rd Cir. 1977), writ refused, 345 So.2d 904 (La. 1977).
The trial court erred in its determination that the highest and best use of the property taken was for pipeline rights-of-way purposes. The jurisprudence of this State is to the contrary. This Court had the identical question presented to it in Michigan-Wisconsin Pipeline Co. v. Fruge, 227 So.2d 606 (La.App. 3 Cir., 1969), writ refused, 255 La. 149, 229 So.2d 732 (1970). Coincidentally Stanley Tiger was an expert witness for the defendant, as he was in this case. He based his valuation of the property taken on comparable sales of similar servitudes to expropriating authorities. In that case the defendants cited Gulf States Utilities Co. v. Norman, La.App. 3 Cir., 183 So.2d 421, writs denied, 249 La. 118, 185 So.2d 529, as authority for the use of such compara-bles. Michigan - Wisconsin distinguished the Gulf States Utilities case, and we do the same. Ample comparable sales were available in the case at bar to show the fair market value of the property taken to be $1,000 per acre.
Counsel for defendants makes an innovative and ingenious argument that the highest and best use of the property involved is for pipeline rights-of-way purposes. As we did in Michigan-Wisconsin Pipeline Co. v. Fruge, supra, we reject that argument as being contrary to the jurisprudence of this State. Because of the foregoing, we need not indulge in the citation and quotation of various inapplicable formulae mentioned in prior jurisprudence, all of which attempt to spell out what is and what is not “just compensation” for property taken in expropria *780 tion proceedings in particular fact situations.
Having decided that the trial court erred in determining that the highest and best use of the property taken was for pipeline rights-of-way, we must award appropriate compensation to appellee. The uncontradicted testimony of John Harold Lambert, a qualified land appraiser, was to the effect that the land taken was high land generally suited for growing rice and soybeans, and general native pasture land for grazing. Lambert used the market data or comparison approach, in which recently sold property is compared to the property taken as to size, location, terrain features, highway frontage, et cetera in arriving at its highest and best use.
Lambert concluded that the value of the Rosteet property was $1,200 per acre. Since no temporary work space was required and since the only value sought was for the existing right-of-way, Lambert placed a remaining value to the landowner at $200, leaving a net value of the land taken at $1,000 per acre. Lambert’s final calculations, which we accept as reasonable and just, amount to $1,830 for the 1.83 acres taken. Since appellee owns a one-half interest in the Rosteet property, he is entitled to $915.
For the reasons assigned, the judgment appealed is amended to reduce the award to Paul R. Rosteet to $915. Except for the amendment, the judgment is affirmed. All costs of this appeal are assessed against defendant-appellee.
AFFIRMED, AS AMENDED.

. Eleanor Rosteet Hamilton, reached an amicable agreement with Columbia on February 20, 1979. She granted a permanent right of way to Columbia Gulf for the purposes sought in its petition for expropriation.